UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| In re Subpoena to U.S. Department of Defense, Office of General Counsel | ) ) ) | Case No. _____ |
| NETWORKING & ENGINEERING TECHNOLOGIES, INC. | ) ) ) | *Underlying Action*: Prince William County Circuit Court, Case No. CL21-4035 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AVANTUS FEDERAL, LLC, | ) ) ) | |

**PLAINTIFF NETWORKING & ENGINEERING TECHNOLOGIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH *TOUHY* REQUEST**

This Memorandum of Law is submitted by Plaintiff Networking & Engineering Technologies, Inc. ("Plaintiff" or "N.E.T.") in support of its motion to compel the U.S. Department of Defense ("DoD") to produce documents and present witnesses for depositions in response to Plaintiff's subpoenas and *Touhy* request.

## I.     INTRODUCTION

Plaintiff N.E.T. seeks an order compelling the DoD to comply with two subpoenas that N.E.T. issued for the production of documents and testimony from two DoD contracting officials. The documents and testimony are crucial to an ongoing proceeding in Virginia state court, *Networking & Engineering Technologies, Inc. v. Avantus Federal, LLC*, Case No. CL21-4035, in Prince William County Circuit Court ("State Court Action").[1]

---

[1] Discovery in the underlying State Action closes on April 1, 2023 and the case is presently set for an eight-day jury trial beginning on May 1, 2023. The Assistant General Counsel at the DoD's Washington Headquarters Services & Pentagon Force Protection Agency stated in a telephone conference earlier today that the DoD hopes to provide a response to the subpoenas

N.E.T. was a government contractor who performed under a subcontract it had with Defendant Avantus Federal ("Avantus") in support of a prime task order Avantus had with the DoD. Avantus has alleged that N.E.T. either did not provide certain deliverables under the subcontract, or that the deliverables were inadequate, and that the Government criticized N.E.T.'s performance. The deliverables reside on a computer server to which only the DoD has access. The witnesses whose testimony is sought also are the only individuals who can testify as to whether N.E.T. provided the deliverables required under the subcontract and whether or not the Government had concerns with N.E.T.'s performance. The documents and testimony requested in the subpoenas are highly relevant to Avantus' claim that it terminated the subcontract due to alleged performance issues by N.E.T, and N.E.T's allegation that Avantus' alleged reasons for the termination are pretextual.

## II. FACTUAL BACKGROUND

### A. Underlying Proceeding

The DoD awarded Avantus a task order under a U.S. General Services Administration contract for the performance Continuous Process Improvement and Business Process Engineering and Organizational Efficiencies services (the "Contract" or "Task Order."). Thereafter, on July 5, 2017, Avantus issued a subcontract to N.E.T. to perform services in support of the Task Order. The subcontract was for one base year and had four option years, which were automatically exercised if the Government exercised the option years on the prime Task Order.

---

and *Touhy* request by next week. If the DoD provides a satisfactory response by then, counsel will withdraw this motion.

N.E.T. performed under the subcontract for four years, and then Avantus did not renew the subcontract for the fourth option year. Under the terms of the subcontract, Avantus was required to renew the subcontract for the forth option period unless it had cause to terminate the subcontract. Initially Avantus did not offer any reason for its decision not to exercise the last option year, but when notified by N.E.T. that it was required to do so Avanuts then claimed that it terminated the subcontract for default.

In fact, Avantus had set in action a plan to take over N.E.T.'s work on the subcontract by directly soliciting several of N.E.T.'s key employees in violation of the subcontract's non-solicitation provision, enlisting at least one of them to assist Avantus in building a team to take over the subcontract while they were still employed by N.E.T., and conjuring pretexts to terminate the subcontract. After Avantus abruptly terminated the subcontract without cause, N.E.T. was forced to let go all of the employees who were working on that project, decimating its workforce and rendering N.E.T. unable to be in a position to bid for similar work. In addition, Avantus failed to pay N.E.T. on approximately $417,000.00 in invoices for the third option year.

N.E.T. has brought claims against Avantus for beach of subcontract, business conspiracy, and tortious interference with contractual relationships. Avantus has brought a counterclaim against N.E.T. for breach of the subcontract, alleging that it was forced to terminate the subcontract and remove N.E.T. due to poor performance. Avantus alleged that under the subcontract N.E.T. was supposed to perform IT process improvement tasks and to staff certain personnel at the Pentagon in Arlington, Virginia, but that N.E.T. failed to submit deliverables in a timely manner or at all, or submitted inadequate deliverables. Avantus claims that the Federal Facilities Division of the DoD, the government client for the Task Order, repeatedly criticized

N.E.T.'s performance. Avantus alleges that it terminated the subcontract after N.E.T. failed to cure its breaches, and that it incurred damages in having to take over N.E.T.'s work and repair the relationship with the Federal Facilities Division.

N.E.T. submitted the deliverables due under the subcontract directly to the Federal Facilities Division's proprietary cloud storage drive. Neither N.E.T. nor Avantus has access to the storage drive. Therefore, N.E.T. issued subpoenas to the DoD to obtain copies of the deliverables and documents pertaining to N.E.T.'s performance under the subcontract in support of the Task Order.

### B. N.E.T's Subpoenas to DoD

On June 9, 2022, counsel for N.E.T. served a subpoena *duces tecum* on the Office of General Counsel in the Office of Litigation Counsel in the DoD. A copy of the subpoena is attached hereto as Exhibit 1. The subpoena sought the following types of documents:

1. Documents and communications regarding the quality of N.E.T.'s and Avantus' work and performance.
2. Documents and communications regarding any complaints by the Government or by Avantus about N.E.T.
3. Documents and communications regarding any compliments or praise by the Government or Avantus about N.E.T.
4. Documents and communications regarding N.E.T.'s claim that Avantus failed to pay on its invoices.
5. Documents and communications regarding the Government paying Avantus for the Contract and/or withholding payment on the Contract.
6. Documents and communications regarding any missing, incomplete, and/or inadequate deliverables under the Contract.
7. Documents and communications concerning Avantus' statements regarding N.E.T.

The production of documents was due on July 11, 2022.

Also on June 9, 2022, counsel for N.E.T. served a subpoena for witness testimony for the depositions of Contracting Officer Representative Lisa Robertson and Contracting Officer Stephenie Charlot to be held on July 20, 2022. A copy of the subpoena is attached hereto as

Exhibit 2.  N.E.T. included a *Touhy* request with the subpoenas explaining why the documents and testimony were needed and how the DoD's *Touhy* regulations supported the requests for documents and deposition/trial testimony.  *Touhy* regulations are named after the U.S. Supreme Court case *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), which held government employee must obtain prior approval from the appropriate agency official before testifying or producing documents in response to subpoenas.  A copy of the *Touhy* request is attached hereto as Exhibit 3.

On July 18, 2022, Michael G. Anderson, Assistant General Counsel of the Washington Headquarters Services & Pentagon Force Protection Agency in the DoD's Office of General Counsel, confirmed he had received the *Touhy* request and stated that the Office of General Counsel was reviewing it.  After months of no action by the DoD, on February 14, 2023 counsel for N.E.T. left a voice message for Mr. Anderson regarding the status of the DoD's response and followed up with an email the subsequent day.  On February 15, 2023, Mr. Anderson responded that DoD was working on the requests and endeavored to have a response by the end of the week.  A copy of the email chain between counsel for N.E.T. and Mr. Anderson is attached hereto as Exhibit 4.

On February 24, 2023, counsel for N.E.T. contacted Mr. Anderson regarding the status of the DoD's response.  Mr. Anderson stated that the DoD hoped to have a substantive response by the following week.

### III.     ARGUMENT

The Court should order the DoD to produce documents and present witnesses in response to N.E.T.'s subpoenas and *Touhy* request.  Under the APA, the Court can compel agency action that has been "unlawfully withheld and unreasonably delayed."  5 U.S.C. § 706(1).  The Court

reviews the DoD's failure to comply with subpoena and *Touhy* request under the arbitrary and capricious standard set forth in the Administrative Procedure Act ("APA"). *COMSAT Corp. v. NSF*, 190 F.3d 269, 274, 1999 U.S. App. LEXIS 20017, *12-13 (4th Cir. 1999). DoD has unreasonably delayed in responding to the subpoenas and *Touhy* request. Further, N.E.T. considers the DoD's failure to respond to the request and subpoenas to be a constructive denial of them. This denial is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. *In re Subpoena to NSF*, 2019 U.S. Dist. LEXIS 178277 (E.D.Va.) (holding that agency acted in an arbitrary and capricious manner when it declined to produce interview transcripts in response to the subpoena *duces tecum*).

The DoD's *Touhy* regulations state that the DoD "generally should make official information reasonably available for use in Federal, State, or foreign courts and other adjudicative bodies if the information is not classified, privileged, or otherwise protected from public disclosure." 32 C.F.R. § 97.4. The documents and testimony N.E.T. seeks are not classified, privileged or otherwise protected from disclosure, and therefore the DoD should produce the requested documents and make Ms. Robertson and Ms. Charlot available for deposition and/or trial. In considering whether the requested documents can be released or the witnesses can be deposed, the DoD's chief legal advisors are required to consider the following:

1. The litigation request or demand is overbroad, unduly burdensome, or otherwise inappropriate under applicable law or court rules.

2. The disclosure would be improper (*e.g.*, the information is irrelevant, cumulative, or disproportional to the needs of the case) under the rules of procedure governing the litigation from which the request or demand arose.

3. The official information or witness testimony is privileged or otherwise protected from disclosure under applicable law.

4. The disclosure would violate a statute, Executive order, regulation, or policy.

5. The disclosure would reveal DoD classified information, controlled unclassified information, technical data with military or space application, information protected by the Privacy Act, or other information that is otherwise exempt from unrestricted disclosure.

6. The disclosure would:

    a. Interfere with an ongoing enforcement proceeding.

    b. Compromise a constitutional right.

    c. Expose an intelligence source or confidential informant.

    d. Divulge a trade secret or similar confidential information.

    e. Be otherwise inappropriate.

32 C.F.R. § 97.8. All of the factors weigh in favor of allowing the production of documents and testimony from Ms. Robertson and Ms. Charlot.

*First*, the requests for document and testimony is not overbroad, unduly burdensome or otherwise inappropriate under the applicable court rules. The documents sought and deposition testimony to be elicited is relevant to the claims and defenses at issue in the Amended Complaint and Counterclaim. The government employees will testify about N.E.T.'s performance and the adequacy and timeliness of the deliverables N.E.T. provided. In particular, N.E.T. anticipates Ms. Robertson's testimony would directly refute Avantus' allegations that N.E.T. did not timely provide deliverables and that the DoD had complaints about N.E.T.'s performance. In addition, the production of documents from the Federal Facilities Division's computer server – to which neither N.E.T. nor Avantus has access – is expected to evidence that N.E.T. provided the required deliverables, and did so in a timely manner. The Government's Contractor Performance Assessment Reporting System ("CPARS") evaluations of performance on the Task Order were positive. N.E.T. seeks through deposition testimony to authenticate the CPARS evaluations.

Discovery of such information from a third party is allowed under Virginia's civil procedure rules, which provide:

> the frequency or extent of use of the discovery methods . . . shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive

VA. SUP. CT. R. 4.1(b)(1).

Moreover, the written discovery sought is limited in nature and is not overly burdensome. The subpoenas and *Touhy* request are for documents and testimony that only the Government witnesses can provide because neither N.E.T. nor Avantus has access to the Federal Facilities Division's computer server where N.E.T. uploaded the deliverables.  N.E.T. and Avantus disagree as to whether N.E.T. performed adequately on the subcontract, and the documentation on the Federal Facilities Division's computer server is directly relevant to that dispute.  In addition, the documents and testimony sought is not unduly burdensome.  With respect to the document requests, only a narrow set of documents from a limited time period and personnel are being requested.  With respect to the deposition testimony, both depositions concern limited areas of knowledge.

*Second*, the Government has not argued – nor is there any suggestion – that disclosure of the information would be improper.  *Third*, N.E.T. is not seeking privileged information or witness testimony.  *Fourth*, disclosure of the information does not violate any statute, executive order, regulation, or policy. *Fifth*, N.E.T. is not seeking classified information, controlled unclassified information, technical data with military or space application, information protected by the Privacy Act, nor other information that is otherwise exempt from unrestricted disclosure.

*Lastly*, disclosing the requested documents and allowing the Government witnesses to testify would not interfere with any ongoing enforcement proceeding, compromise any constitutional right, expose any intelligence source or confidential informant, divulge a trade secret or similar confidential information, or otherwise be inappropriate.

The DoD has not provided any explanation for its failure and delay in responding to the subpoenas, which were issued eight months ago.  Such inaction is arbitrary and capricious, an abuse of its discretion, and not in accordance with DoD's *Touhy* regulations.  Furthermore, the DoD's delay is a constructive denial, and such denial also is arbitrary and capricious, an abuse of its discretion, and not in accordance with DoD's *Touhy* regulations.

For the foregoing reasons, N.E.T. respectfully requests the Court to enter an order compelling DoD to produce documents in response to the subpoena duces tecum and present Ms. Robertson and Ms. Charlot for deposition.

Dated:  February 24, 2023

Respectfully submitted,

NETWORKING & ENGINEERING TECHNOLOGIES, INC.

By counsel:

/s/ Ambika J. Biggs
Bernard J. DiMuro, Esq. (VSB #18784)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, Virginia 22314
703.684.4333 (phone)
703.548.3181 (fax)
bdimuro@dimuro.com


Stacey Rose Harris, Esq. (VSB #65887)
Ambika J. Biggs (VSB #70807)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22012
703.584.8900 (phone)
703.584.8901 (fax)
sharris@hirschlerlaw.com
abiggs@hirschlerlaw.com

*Counsel for Plaintiff/Counter-Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, a true and correct copy of the foregoing was served via email upon the following:

>Michael G. Anderson
>Assistant General Counsel
>Washington Headquarters Services &
>Pentagon Force Protection Agency
>Office of General Counsel
>Department of Defense
>1600 Defense Pentagon
>Washington, D.C. 20301-1600
>Michael.G.Anderson156.civ@mail.mil

>/s/ Ambika J. Biggs
>Counsel